UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRY BENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-0988 |
| ) | Judge Echols |
| DONALD HUTCHERSON, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

## I.  INTRODUCTION
## AND
## BACKGROUND

The plaintiff, proceeding *in forma pauperis*, is a prisoner in the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this *pro se* action under 42 U.S.C. § 1983 against the following defendants: 1) Lt. Donald Hutcherson; 2) Sgt. Linda Moore; 3) Cpl. Russell Blanton; 4) Warden Flora Holland; and 5) Commissioner George Little. Lieutenant Hutcherson, Sgt. Moore, and Cpl. Blanton were employed at the Charles Bass Correctional Complex (CBCX) at the time of the alleged events that gave rise to this action. Defendant Holland was the Warden at CBCX, and defendant Little was Commissioner of the Tennessee Department of Correction (TDOC) at all times relevant to this action. Alleging violations of his rights under the Eighth and Fourteenth Amendments, the plaintiff seeks money damages, and injunctive and declaratory relief.

The plaintiff asserts that Lt. Hutcherson ordered him moved on September 3, 2008 from the general prisoner population at CBCX to administrative segregation without explanation or written notice. (Docket Entry No. 1, ¶ 10, p. 7)  The plaintiff asserts further that, on September 5, 2008, he was placed in punitive segregation, and on September 8, 2008 disciplinary charges were served on him for having assaulted inmate Ernest Romine on August 12, 2008. (Docket Entry No. 1, ¶¶ 11-12,

p. 7). According to the plaintiff, the disciplinary report did not specify the TDOC rule that he was accused of violating, nor did it set the time and date for his disciplinary hearing. (Docket Entry No. 1, ¶¶ 13, 34, pp. 7, 10).

The plaintiff claims that two days before the disciplinary hearing he requested that another inmate, Charles Lillard, be called to testify on the plaintiff's behalf as an eyewitness to the altercation. (Docket Entry No. 1, ¶ 14, p. 7). He also requested that the nurse on duty on the date of the altercation be called to testify as to inmate Romine's condition at the time he was treated. (Docket Entry No. 1, ¶ 15, p. 8). The plaintiff asked that Cpl. Blanton be called as a witness on his behalf; however, Cpl. Blanton ultimately testified against him. (Docket Entry No. 1, ¶ 16, p. 8). Finally, the plaintiff requested that Officer f/n/u Black be called as a witness on his behalf. (Docket Entry No. 1, ¶ 17, p. 8).

The plaintiff asserts that Sgt. Moore conducted the disciplinary hearing against the plaintiff on September 10, 2008, 29 days after the assault on inmate Romine. (Docket Entry No. 1, ¶ 18, p. 8). According to the plaintiff, when he testified that inmate Romine started the trouble, and that he fought back in self-defense, Sgt. Moore replied that "the disciplinary board ha[d] no evidence of that at this time." (Docket Entry No. 1, ¶¶ 19-20, p. 8). The plaintiff alleges that the disciplinary board heard testimony from every witness against him, but that none of the witnesses he had requested to testify on his behalf were called. (Docket Entry No. 1, ¶¶ 16, 21, 27, 29, 35, pp. 8-10). More particularly, the plaintiff maintains that Sgt. Moore "failed to call" any of his witnesses. (Docket Entry No. 1, ¶ 29, p. 9).

According to the plaintiff, Lt. Hutcherson, Cpl. Blanton, and a nurse other than the one whom the plaintiff had requested, all testified by "speaker phone." (Docket Entry No. 1, ¶ 28, p. 9). The plaintiff asserts further that Cpl. Blanton testified that he had information from a confidential

2

source that inmate Romine had been drinking and causing trouble, but did not investigate because his source was unreliable. (Docket Entry No. 1, ¶¶ 22-24, p. 9). Lieutenant Hutcherson testified that his confidential source told him that the plaintiff had assaulted inmate Romine. (Docket Entry No. 1, ¶ 26, p. 9).

The plaintiff asserts that Sgt. Moore found him guilty. (Docket Entry No. 1, ¶ 30, p. 10) . The plaintiff claims, however, that Lt. Hutcherson and Cpl. Blanton's testimony was based on information provided by confidential informants, the upshot of which was that he was convicted based on "second hand knowledge." (Docket Entry No. 1, ¶¶ 31, 36, p. 10). The plaintiff also contends that, when he received the summary of the disciplinary hearing, Cpl. Blanton's testimony that he had not investigated the report that inmate Romine had been drinking had been omitted from the record. (Docket Entry No. 1, ¶¶ 32-33, p. 10). According to the plaintiff the missing paragraph "should have ruled out charges of assault against the plaintiff . . . ." (Docket Entry No. 1, ¶ 33, p. 10). Moreover, the plaintiff alleges that Sgt. Moore led the witnesses against the plaintiff in her questioning. (Docket Entry No. 1, ¶¶ 35-36, 40, pp. 10-11) .

The plaintiff asserts that, because none of the witnesses were present, they did not hear his testimony that he acted in self-defense, Sgt. Moore's response that there was no evidence that inmate Romine started the altercation, or Cpl. Blanton's testimony that he had received information from a confidential informant that inmate Romine had been drinking. (Docket Entry No. 1, ¶¶ 37-40, p. 11). The plaintiff further alleges that Sgt. Moore acted intentionally in omitting Cpl. Blanton's testimony. (Docket Entry No. 1, ¶ 41, p. 11).

The plaintiff asserts that Warden Holland denied his appeal (Docket Entry No. 1, ¶¶ 44-45, pp. 11-12), as did Commissioner Little (Docket Entry No. 1, ¶¶ 46-47, p. 12). The plaintiff maintains that, because of the foregoing, his confinement has been extended due to the increase in

3

his security level and loss of good-time credits, and that he was subsequently denied parole. (Docket Entry No. 1, ¶¶ 42-43, p. 11).

## II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

### A. Plaintiff's Demands for Money Damages

#### 1. Plaintiff's Claim Against Cpl. Blanton

The plaintiff alleges that Cpl. Blanton showed reckless disregard for the plaintiff's safety in failing to act in response to the danger that he knew inmate Romine posed to other inmates. (Docket Entry No. 1, ¶ 48, p. 12). The plaintiff asserts that Cpl. Blanton violated his rights under the Eighth Amendment. (Docket Entry No. 1, ¶ 48, p. 12).

4

Prison officials are liable under the Eighth Amendment for failing to protect an inmate only if they act with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Officials act with deliberate indifference if they know of a substantial risk to an inmate's safety, yet disregard that risk by failing to take reasonable measures to abate it. *Id.* at 837. The concept of "deliberate indifference" encompasses both an objective and subjective component. *Id.* at 834. The objective component requires a showing that the plaintiff was exposed to a risk of serious harm. *Id.* The subjective component requires a showing that the defendant acted with deliberate indifference or recklessness, that is more than mere negligence. *Id.* at 835.

The plaintiff asserts that Cpl. Blanton testified at his disciplinary hearing that he did not investigate the report that inmate Romine had been drinking, because his source was unreliable. The plaintiff does not challenge the truthfulness of Cpl. Blanton's testimony, nor does he provide any factual allegations from which deliberate indifference – rather than mere negligence – might be inferred. The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). For the reasons stated above, the plaintiff has failed to make a *prima facie* showing of deliberate indifference against Cpl. Blanton.

### 2. Plaintiff's Claims Against the Remaining Defendants

The plaintiff alleges that Lt. Hutcherson, Sgt. Moore, Warden Holland, and Commissioner violated his rights under the Fourteenth Amendment in connection with his disciplinary conviction. As previously noted, *supra* at pp. 3-4, the plaintiff's underlying claim is that his conviction resulted in the loss of good-time credits, the consequence of which was that he was denied parole, thereby causing his sentence to be longer than it would otherwise have been.

The law is well established "that a prisoner cannot use § 1983 to challenge prison procedures

5

employed to deprive him of good-time credits when the . . . [*sic*] procedural defect alleged would, if established, 'necessarily imply the invalidity of the punishment imposed.'" *Lockett v. Suardini*, 526 F.3d 866, 872 (6th Cir. 2008)(quoting *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)). Were the plaintiff to prevail in his due process claim against the remaining defendants, that would imply the invalidity of his disciplinary conviction. Because the plaintiff has not established that his disciplinary conviction has been favorably terminated, his due process claim against the remaining defendants is not cognizable under § 1983.

### B. Plaintiff's Demand for Declaratory Relief

The plaintiff seeks declaratory judgment against Cpl. Blanton for violating his rights under the Eighth Amendment, and against the remaining defendants for violating his due process rights under the Fourteenth Amendment. (Docket Entry No. 1, ¶ A, pp. 13-14) . For the reasons explained in II.A.1 and II.A.2 above, there are no grounds for granting the plaintiff's demand for declaratory judgment against the defendants for the violations alleged.

### C. Plaintiff's Demand for Injunctive Relief

The plaintiff seeks the "restoration of all rights and privileges," *i.e.*, the expungement of his disciplinary conviction, and restoration of good-time credits. (Docket Entry No. 1, ¶ B, p. 14). For the reasons explained above, the favorable termination of the plaintiff's disciplinary conviction is a condition precedent to adjudicating the plaintiff's claims under § 1983 pertaining to his disciplinary conviction. The Court does not have the authority to expunge the plaintiff's disciplinary conviction in this action. As to his good-time credits, the law is well established that *habeas corpus* is the sole means for an inmate to challenge the length of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Case 3:09-cv-00988   Document 3   Filed 11/06/09   Page 6 of 7 PageID #: 39

### III. CONCLUSION

For the reasons explained herein, the complaint will be dismissed for failure to state a claim on which relief may be granted. The plaintiff will not be permitted to pursue an appeal *in forma pauperis*, because an appeal would not be taken in good faith.

It is so **ORDERED.**

Robert L. Echols
United States District